**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AUNDRA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO.  CIV-05-0729-HE |
| ) | |
| DON BLAKE, KIMBERLY LOHMAN ) | |
| SUITERS, OHIO/OKLAHOMA HEARST- ) | |
| ARGYLE TELEVISION, INC., THE CITY ) | |
| OF NORMAN, JOHN DOE(S) and JANE ) | |
| DOE(S), ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Aundra Anderson brought this action against defendants Officer Don Blake, Kimberly Lohman Suiters (Lohman), Ohio/Oklahoma Hearst-Argyle Television, Inc. (Hearst-Argyle), the City of Norman, and John and Jane Doe(s).  She claims that her right to privacy was violated under the United States Constitution and Oklahoma law when a video tape recording of her alleged rape was released to a television station that broadcast portions on the evening news.  The federal claim arises under 42 U.S.C. § 1983.  The Oklahoma privacy claims are for unwarranted intrusion into private affairs and public disclosure of private facts.  Defendant Don Blake has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the defendant is entitled to qualified immunity as to the federal claim and immunity on the Oklahoma claims under the Oklahoma Governmental Tort Claims Act, 51

O.S. § 151, et seq. (GTCA).[1]

When considering a 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that may be drawn from them, are construed in the light most favorable to the nonmoving party. Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003). A dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims which would entitle the plaintiff to relief." McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002); see Mangels v. Pena, 789 F.2d 836, 837 (10th Cir. 1986). Applying this standard, the Court concludes the defendant's motion to dismiss should be **DENIED**.

Defendant Blake claims qualified immunity bars plaintiff's federal privacy claim.[2] The general effect of qualified immunity is that "[w]hen government officials are performing discretionary functions, they will not be liable for their conduct unless their actions violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 645 (10th Cir. 1988) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Once the defense is asserted,

---

[1] *Although defendant Blake seeks the dismissal of the state privacy claims, the state claims were not asserted against him, but are alternative theories of liability against "all [non-] governmental Defendants." Complaint at 18.*

[2] *Qualified immunity is a privilege which results in "immunity from suit rather than mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).*

a civil rights plaintiff has the burden of showing that the defendant's actions violated a statutory or constitutional right and that the right was "clearly established at the time of the conduct at issue." Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995) (internal citations omitted). If either part of the test is not satisfied, the suit is barred by qualified immunity. Id.

The threshold issue is whether the plaintiff had a constitutional right to privacy in the videotape. "Due process . . . implies an assurance of confidentiality with respect to certain forms of personal information possessed by the state." Mangels v. Pena, 789 F.2d 836, 839 (10th Cir. 1986). The Tenth Circuit has interpreted the United States Supreme Court case, Whalen v. Roe, 429 U.S. 589 (1977), as holding that individuals have a "right to privacy in the non-disclosure of personal information." Herring v. Keenan, 218 F.3d 1171, 1175 (10th Cir. 2000). "Information is constitutionally protected when a legitimate expectation exists that it will remain confidential while in the state's possession," and "[t]he legitimacy of an individual's expectation depends, at least in part, upon the intimate or otherwise personal nature of the material." Mangels, 789 F.2d at 839 (holding that drug users do not have a privacy interest in a public report disclosing their use of contraband drugs).

Whether the material is of an intimate or personal nature and entitled to constitutional protection does not depend on "assurances of confidentiality" by a state official, but instead on the "personal quality" of the materials themselves. Id. Here, the videotape of plaintiff's alleged rape, irrespective of the possible assurances of confidentiality by the defendant, possesses the requisite personal nature to give rise to plaintiff's legitimate expectation of

privacy. *Compare* Bloch v. Ribar, 156 F.3d 673, 686-87 (6th Cir. 1998) (finding privacy interest in preventing the "dissemination of confidential and intimate details of a rape" outweighs the state's interest in release of information), *and* Eastwood v. Dep't of Corrections, 846 F.2d 627, 631 (10th Cir. 1988) (holding privacy right implicated by forced disclosure of sexual information), *with* Mangels v. Pena, 789 F.2d 836 (10th Cir. 1986) (rejecting criminal defendants' claim to a privacy interest in their criminal activity).

Defendant Blake's primary arguments against the existence of a constitutional right are that "the information on said video tape documents alleged criminal activity [and was] destined to become public during the criminal prosecution." Motion to Dismiss, at 5. The Court finds these arguments unpersuasive. The alleged criminal activity was not that of plaintiff. Further, at the time of the disclosure, additional public disclosure was far from inevitable. Given the nature of what is alleged to have been depicted on the tape, it is entirely possible that the criminal charges against plaintiff's attacker might have been resolved without a trial. The possibility that the tape might become important evidence if a trial did occur in the future — perhaps even, as defendant argues, "smoking gun" evidence — did not justify its release at the time alleged here. *See* Sheets v. Salt Lake County, 45 F.3d 1383, 1388-89 (10th Cir. 1995) (constitutional right of privacy includes the "individual interest in avoiding disclosure"); Bloch, 156 F.3d at 685-86 (holding individual interest in privacy of intimate details of rape outweighs public interest until "prosecution predominates").[3]

---

[3] *Under the facts alleged, there is no apparent basis for asserting any law enforcement purpose for the disclosure.*

Defendant Blake's reliance upon Cawood v. Haggard, 327 F. Supp. 2d 863 (D. Tenn. 2004), as demonstrating that items documenting criminal activity are not protected by any right of confidentiality, is misplaced. Unlike the Cawood plaintiff, Anderson has not been accused of criminal activity. *See* Cawood, 327 F. Supp. 2d at 880 ("The video contained not just documentation of [plaintiff Cawood's] private sexual conduct, but of *his* alleged criminal activity in trading sexual favors for a reduction in legal fees." (emphasis added)). The plaintiff has alleged facts sufficient to show a constitutional right of privacy in the videotape depicting her alleged rape.

Having satisfied the first part of her burden, the plaintiff must next demonstrate that her constitutional right to expect non-disclosure of the videotape was clearly established at the time of the alleged disclosure by Blake. *See* Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995). The general inquiry for whether a right is clearly established is whether "an objectively reasonable official have known that his conduct was unlawful?" Lawrence v. Reed, 406 F.3d 1224, 1230 (10th Cir. 2005). Proof of a "right in the abstract" is insufficient. Hilliard v. City and County of Denver, 930 F.2d 1516, 1518 (10th Cir. 1991). "The particular action in question . . . need not have been previously held unlawful," Eastwood v. Dep't of Corrections, 846 F.2d 627, 630 (10th Cir. 1988), but "the alleged unlawfulness must be apparent in light of preexisting law." Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992) (internal quotations omitted). "A Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts" can assist in determining the status of existing law. Id. at 1498.

Plaintiff relies on Sheets v. Salt Lake County, 45 F.3d 1383 (10th Cir. 1995) as demonstrating that the law was clearly established that an individual has a legitimate expectation of privacy in a personal item conveyed to the police for law enforcement purposes. In Sheets, the police obtained the diary of a murder victim to assist with their murder investigation. Upon the conclusion of the investigation, they allowed a book author to review and copy portions of the diary. Id. at 1386. The Tenth Circuit held that the plaintiff, the murder victim's spouse, had a constitutional right of privacy in the diary because of its personal nature, and that the plaintiff had a reasonable expectation of its limited use: "To turn a diary over to a limited group for what one perceives to be a limited and proper purpose is quite different than inviting publication of the material." Id. at 1388 (finding no compelling interest in the disclosure of the diary).

Here, the activities allegedly depicted in the video were of a substantially more personal nature than the information involved in Sheets. The Tenth Circuit found the Sheets' diary had the requisite personal nature to trigger a right to privacy despite the diary contents being neither "particularly controversial [nor] embarrassing." Sheets, 45 F.3d at 1383. Further, the plaintiff delivered the tape to defendant Blake after allegedly obtaining his promise of limited use. Under these circumstances, the Court concludes the plaintiff had a legitimate expectation of privacy that was clearly established under existing law. *See* Sheets, 45 F.3d at 1383; James v. City of Douglas, Ga., 941 F.2d 1539, 1544 (11th Cir. 1991) (finding viewing by police officers of sex tape beyond that necessary for investigation a violation of a clearly established constitutional right); Fadjo v. Coon, 633 F.2d 1172, 1175 (5th Cir. 1981) ("[E]ven if the

information was properly obtained, the state may have invaded Fadjo's privacy . . . because no legitimate state purpose existed sufficient to outweigh the invasion into Fadjo's privacy.").

Accordingly, the Court finds that defendant Blake is not entitled to qualified immunity with respect to plaintiff's § 1983 claims and **DENIES** the defendant's motion to dismiss [Doc. #12].

**IT IS SO ORDERED**.

Dated this 12th day of September, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE