**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AUNDRA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-05-0729-HE |
| | ) | |
| DON BLAKE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In this action, plaintiff alleges that her privacy rights under the United States Constitution and Oklahoma law were violated when a videotape recording of her alleged rape was released to the media by a member of the Norman, Oklahoma police department and broadcast on the evening news. Defendants Ohio/Oklahoma Hearst-Argyle Television, Inc. ("KOCO") and Kimberly Lohman Suiters ("Lohman") previously filed a motion to dismiss plaintiff's federal and state law claims against them under Fed. R. Civ. P. 12(b)(6). This motion was granted in part and denied in part. [Doc. #59]. With respect to plaintiff's 42 U.S.C. § 1983 claims, the court concluded plaintiff's complaint failed to sufficiently allege state action by defendants KOCO and Lohman. With respect to plaintiff's state law claim for invasion of privacy by intrusion upon seclusion, the court concluded that plaintiff's complaint failed to sufficiently allege the element of intrusion. The motion was denied with respect to plaintiff's state law claim of invasion of privacy by publication of private facts.

Defendants KOCO and Lohman have filed a motion for summary judgment arguing plaintiff's remaining claim for public disclosure of private facts fails as a matter of law. [Doc. #61]. Plaintiff has responded in opposition to the motion and has moved the court for

reconsideration of her dismissed claims. In addition, plaintiff has moved to amend her complaint to add a claim of "promissory estoppel" or tortious interference with contract and a claim of breach of contract as third-party beneficiary against defendants KOCO and Lohman. [Doc. #73].

Invasion of Privacy by Publication of Private Facts

Defendants KOCO and Lohman have moved for summary judgment on plaintiff's state law claim for invasion of privacy by publication of private facts. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, the court "view[s] the evidence and draw[s] all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Martin v. Kansas, 190 F.3d 1120, 1129 (10th Cir. 1999), overruled on other grounds by Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Martin, 190 F.3d at 1129.

The facts surrounding plaintiff's claim for invasion of privacy by publication of private facts are essentially undisputed. Plaintiff was allegedly raped in her home while unconscious and incapacitated. Her alleged attacker was her estranged husband, a Norman attorney who had been charged with two other rapes. He apparently videotaped the incident with the plaintiff and left the videotape in her home. Plaintiff found the tape several weeks

after the incident and turned it over to the Norman police department and specifically to Officer Don Blake, a defendant in this matter. Plaintiff claims she turned over the tape only after she was assured by Officer Blake that it would remain private and not be used for purposes other than a criminal investigation of the incident. Pl.'s Ex. 4. The tape did not remain private. Instead, Officer Blake allowed defendant Lohman and a cameraperson to view the videotape and make a copy of its contents.[1] Portions of the videotape were then shown on the evening news during a report by defendant Lohman concerning the alleged rape of plaintiff and the rapes of two other women by the same man.[2] Lohman did not reveal plaintiff's name, age or relationship to her alleged attacker during the report, nor was any other identifying information included. Clips from the videotape were interspersed throughout the report, along with portions of an interview with Officer Blake and the previous arrest of the alleged rapist by Officer Blake. Pl.'s Ex. 1. The portions of the videotape shown during the report did not reveal plaintiff's face or any other identifying characteristics. Id. However, the clips did display brief shots of plaintiff's naked feet and calves. Id. The clips also revealed the alleged attacker's face, showed portions of his naked

---

[1] *Officer Blake's conduct in releasing the tape is not at issue here. Even if his actions are ultimately determined to be improper on some basis, that result does not affect the court's decision regarding the liability of defendants KOCO and Lohman. See, e.g., Bartnicki v. Vopper, 532 U.S. 514, 535 (2001) ("a stranger's illegal conduct does not suffice to remove the First Amendment shield from speech about a matter of public concern").*

[2] *The entire report lasted two minutes and twenty-four seconds. Pl.'s Ex. 1.*

body[3] and depicted him moving above and around plaintiff's obscured body.[4]  Id.

In order to recover for invasion of privacy by publication of private facts, the publication must: (1) be highly offensive to a reasonable person; (2) contain private facts; (3) be a public disclosure of private facts; and (4) not be of legitimate concern to others.  Hadnot v. Shaw, 826 P.2d 978, 986 n.30 (Okla. 1992); Guinn v. Church of Christ of Collinsville, 775 P.2d 766, 781 (Okla. 1989).[5]  The potential reach of the tort of invasion of privacy is limited by the First Amendment to the United States Constitution, which protects certain conduct that might otherwise constitute an actionable invasion of privacy.[6]  Cox Broad. Corp. v. Cohn, 420 U.S. 469 (1975); Gilbert v. Med. Econs. Co., 665 F.2d 305, 307 (10th Cir. 1981).  The constitutional privilege is not absolute, however, and the right of an individual to keep information private must be balanced against the right of the press to disseminate newsworthy information.  Gilbert, 665 F.2d at 307.  Even truthful, newsworthy information

---

[3]*These included his upper torso, his arms and hands and his lower left leg.  Pl.'s Ex. 1.*

[4]*During the report, three clips of the videotape were shown lasting a total of thirty-nine seconds.  Pl.'s Ex. 1.*

[5]*The Restatement (Second) of Torts § 652D describes the tort as follows: "One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public."  See McCormack v. Okla. Publishing Co., 613 P.2d 737, 740 (Okla. 1980) (recognizing the Restatement as the standard in Oklahoma for the four claims of invasion of privacy).*

[6]*The Restatement acknowledges the potential conflict of privacy rights with First Amendment rights: "This section [652D] provides for tort liability involving a judgment for damages for publicity given to true statements of fact.  It has not been established with certainty that liability of this nature is consistent with the free-speech and free-press provisions of the First Amendment."  Restatement (Second) of Torts § 652D Special Note on Relation of § 652D to the First Amendment of the Constitution (1977).*

must "have some substantial relevance to a matter of legitimate public interest." Id. at 308. In addition, matters which fall within the protected sphere of legitimate public interest may be further circumscribed if they are sufficiently personal or private as to be outside the constitutional privilege. See Gilbert, 665 F.2d at 308 ("Even where certain matters are clearly within the protected sphere of legitimate public interest, some private facts about an individual may lie outside that sphere."). As the Court of Appeals noted in Gilbert: "[T]his standard properly restricts liability for public disclosure of private facts to the extreme case, thereby providing the breathing space needed by the press to properly exercise effective editorial judgment." Gilbert, 665 F.2d at 308.

Even viewing the facts of this case in a light most favorable to plaintiff, the court concludes defendants KOCO and Lohman are entitled to summary judgment. The videotaped activity was certainly of an intensely private and personal nature. However, the portions of the videotape actually shown by defendants do not reveal any publicly identifiable facts[7] about plaintiff and are substantially related to a matter of legitimate public

---

[7]*Plaintiff admits that she was not identified by the news broadcast, but argues that once charges were filed against her alleged attacker, "anyone viewing the telecast had access to the court file to find the name of the Plaintiff." Assuming plaintiff may have been identifiable, at least by name, at some future date by a limited number of persons with enough interest to access a court file, this does not negate the fact that, at the time the story aired, no such identifiable facts were disclosed. See, e.g., Lowe v. Hearst Commc'ns, Inc., 403 F.Supp.2d 568, 572 (W.D. Tex. 2005) ("Publicity requires communication to more than a small group of persons; the matter must be communicated to the public at large, such that the matter becomes one of public knowledge.") (internal quotations omitted); Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 474-75 (Tex. 1995) ("Facts which do not directly identify an innocent individual but which make that person identifiable to persons already aware of uniquely identifying personal information, may or may not be of legitimate public interest. To require the media to sort through an inventory of facts, to deliberate,*
(continued...)

concern. As plaintiff admits, the circumstances surrounding her alleged rape and the alleged rapes of two others by the same person were newsworthy.[8] Part of the story's newsworthiness involved the fact that the alleged rapist had videotaped the incident. Further, it arose against the backdrop of prior denials (by the man's counsel) of any involvement in such activity. Thus, a view of the videotape depicting the alleged attack and identifying the attacker "strengthen[ed] the impact and credibility" of the story and was logically connected to a matter of legitimate public concern. Gilbert, 665 F.2d at 308. While the court might well have made a different editorial decision regarding the airing of the videotape, it may not appropriately engage in after-the-fact judicial "blue-penciling" which might have a chilling effect on the freedom of the press to determine what is a matter of legitimate public concern. See, e.g., Ross v. Midwest Commc'ns, Inc., 870 F.2d 271, 275 (5th Cir. 1989) ("judges acting with the benefit of hindsight, must resist the temptation to edit journalists aggressively"). The undisputed facts of this case, while raising questions about the editorial judgment of defendants, do not give rise to the tort of invasion of privacy by publication of

---

[7](...continued)
*and to catalogue each of them according to their individual and cumulative impact under all circumstances, would impose an impossible task; a task which foreseeably could cause critical information of legitimate public interest to be withheld until it becomes untimely and worthless to an informed public.").*

[8]*See Cox Broad. Corp., 420 U.S. at 492 ("The commission of crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions . . . are without question events of legitimate concern to the public and consequently fall within the responsibility of the press to report the operations of government."). See also Gilbert, 665 F.2d at 307-308 (implying that the standard of newsworthiness employed in First Amendment analysis is the same as, or substantially similar to, the "lack of legitimate concern" standard referenced in § 652D).*

private facts. Accordingly, summary judgment is **GRANTED** in favor of defendants KOCO and Lohman on this claim.

Motion for Reconsideration

Plaintiff moves for reconsideration of her dismissed claims arguing that a new "declaration" provided by Officer Blake provides support for her § 1983 claim of state action on the part of defendants KOCO and Lohman and her claim for intrusion upon seclusion. In addition, plaintiff argues that the court incorrectly applied a heightened pleading standard to her complaint when dismissing her claims.

Upon review of the Blake declaration, the court concludes there is no basis for reconsideration of its prior order of dismissal. The declaration sets forth essentially the same facts as were alleged in the complaint. These facts, taken as true and construed in a light most favorable to plaintiff, were considered by the court in its order of dismissal and found to be insufficient to state a claim of state action or invasion of privacy by intrusion upon seclusion by defendants KOCO and Lohman. As nothing new has been alleged, plaintiff's motion for reconsideration is **DENIED**.

Motion to Amend

Plaintiff also seeks to amend her complaint to add claims of tortious interference and breach of contract against defendants KOCO and Lohman. While it is well established that the media "has no special privilege to invade the rights and liberties of others," the claims plaintiff seeks to add are based on the same alleged "injury to her reputation and state of mind" as is her claim for invasion of privacy. Cohen v. Cowles Media Co., 501 U.S. 663,

670, 671 (1991) (internal quotations omitted).  As plaintiff may not use related causes of action to avoid the constitutional standards applicable to her invasion of privacy claim or to establish injury to her reputation or state of mind,[9] plaintiff's motion for leave to amend her complaint is **DENIED**.  See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004) ("Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (quoting Jefferson County Sch. Dist. v. Moody's Investor's Servs., 175 F.3d 848, 859 (10th Cir.1999)).

**IT IS SO ORDERED**.

Dated this 9th day of February, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[9]*In Cohen, state promissory estoppel law was invoked against two newspapers who broke their promises to a source that they would keep his name confidential in exchange for information leading to a news story.  Cohen, 501 U.S. at 670-71.  Such a claim was allowed because Cohen was not attempting "to use a promissory estoppel cause of action to avoid the strict requirements for establishing a libel or defamation claim" and was not "seeking damages for injury to his reputation or his state of mind."  Cohen, 501 U.S. at 671.*