### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AUNDRA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-05-0729-HE |
| | ) | |
| DON BLAKE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

Plaintiff Aundra Anderson sued Ohio/Oklahoma Hearst-Argyle Television, Inc., operator of television station KOCO ("KOCO"), its reporter Kimberly Lohman Suiters ("Lohman"), the City of Norman,[1] and Norman police officer Don Blake, alleging that her privacy rights under federal and state law were violated when a videotape recording of her alleged rape was released to the media by a member of the Norman, Oklahoma, Police Department and broadcast on the evening news. The court previously dismissed the claims the plaintiff asserted against defendants Lohman and KOCO under § 1983 and under state law for invasion of privacy based on intrusion upon seclusion. It then granted summary judgment in favor of defendants Lohman and KOCO on the plaintiff's state law claim for invasion of privacy by publication of private facts. The court's orders pertaining to the plaintiff's claims against Lohman and KOCO were certified to the Tenth Circuit Court of Appeals and were affirmed. Also affirmed on appeal was the court's denial of defendant

---

[1]*The City of Norman was dismissed without prejudice from the action in October 2005, upon the plaintiff's motion. The plaintiff was later granted leave to amend her complaint to add the City again as a defendant. By order dated May 21, 2008, the court dismissed the plaintiff's claims against the City with prejudice.*

Blake's motion to dismiss based on qualified immunity.

The plaintiff later sought and was granted leave to assert procedural due process claims against defendant Blake based on a federal substantive right of privacy and a state created liberty/property interest. Defendant Blake now seeks the dismissal of the plaintiff's procedural due process claim based on Norman Policy Department Policy No. 117[2] and the Oklahoma Open Records Act.[3] He contends he is entitled to qualified immunity as the plaintiff cannot establish a constitutionally protected interest that he violated or that such interest, if it exists, was clearly established at the time the tape was released to the media.

Qualified immunity protects government officials "from liability for civil damages under §1983 when their 'conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Smith v. Cochran, 339 F.3d 1205, 1211 (10th Cir. 2003 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Once the defense is asserted, the plaintiff has the burden of showing that the

---

[2]*Policy 117 is an internal police department policy that sets guidelines for the "release and dissemination of information to the public." Defendant's Exhibit 1, p. 1. Although the policy was not attached to the first amended complaint, the court may consider it in conjunction with the defendant's motion to dismiss. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) ("[N]otwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'") (quoting Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir.2002)).*

[3]*When considering whether the plaintiff's claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir.2007)*

defendant's actions violated a statutory or constitutional right and that the right was "clearly established at the time of the defendant's unlawful conduct." *Id.* (internal quotations omitted). If the plaintiff fails to satisfy either component of this two-part inquiry, the defendant is entitled to qualified immunity. *Id.*

> The plaintiff alleges that:
>
> "Under the Oklahoma Open Records Act, 51 Okla. Stat. § 24A.8, once a municipality acts to restrict information of a police investigative nature, '... law enforcement agencies may deny access to law enforcement records except where a court finds that the public interest or the interest of an individual outweighs the reason for denial.' Because Policy 117 restricts the release of sex crime information, which cannot be released except by judicial finding, the information is protected by federal procedural due process."
>
> Neither Blake nor the City of Norman utilized any procedural due process, either federal or state, prior to the release and disclosure of the 'personal and intimate' information provided by Plaintiff to the Defendants.

Amended Complaint V, ¶¶ 30, 31.

She claims that her federal procedural due process rights were violated because "[t]he release of information in the instant case was occasioned without any federal procedural due process for a state created interest, or ... insufficient due process ....." *Id.* at VI, ¶ 5.[4]

"'The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits.'" <u>Veile v. Martinson</u>, 258 F.3d 1180, 1184 (10th Cir. 2001) (quoting <u>Board of Regents of State</u>

---

[4]*Although in her first amended complaint the plaintiff bases her due process violation on an asserted state created privacy interest, in her response to the defendant's motion to dismiss, she claims that "the video is protected by federal due process based upon a state created liberty or property interest." Plaintiff's response, p. 5.*

Colleges v. Roth, 408 U.S. 564, 576 (1972)). To determine whether an individual was denied procedural due process, "courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and if so, then (2) was the individual afforded an appropriate level of process." *Id*. at 1184-85.

The plaintiff bases her due process claim on an asserted state created property or liberty interest. Property interests are created not by the Constitution, but rather "'by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Id*. at 1185 (quoting Roth, 408 U.S. at 564). "'Protected property interests arise ... from state statutes, regulations, city ordinances, and express or implied contracts. Such interests may be created by rules or mutually explicit understandings that support Plaintiff's claim of entitlement to the benefit.'" *Id*. (quoting Dill v. City of Edmond, 155 F.3d 1193, 1206 (10th Cir.1998)). "In other words, '[property] interests attain ... constitutional status by virtue of the fact that they have been initially recognized and protected by state law.'" *Id.* (quoting Paul v. Davis, 424 U.S. 693, 710 (1976)).

However, "[a] state-created procedural right or policy is not itself a property interest within the confines of the Fourteenth Amendment." Ledford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997). In Ledford the Seventh Circuit rejected a prisoner's assertion that prison officials, by depriving him of his prescription medication pursuant to state prison policy, had violated his right to procedural due process. The prisoner claimed that two state statutes pertaining to the provision of medical care to prisoners provided him with a property interest

in his medication. The court found that one of the statutes lacked "the substantive limitations on official discretion necessary to generate a property interest ...." *Id.* at 357. It also rejected the other statute, which adopted certain American Medical Association ("AMA") standards as the baseline for health services in correctional institutions. The court concluded that AMA standards did not confer on the plaintiff a substantive right to his medication because they "merely create[d] guidelines" and "only outline[d] requisite procedures." *Id.*[5]

A similar conclusion was reached by the district court in Wimberly v. City of Clovis, 2004 WL 3426118, at *5 (D.N.M. June 30, 2004). The plaintiff in that case, a former police officer for the City of Clovis, had engaged in unauthorized use of a satellite TV access card belonging to DirecTV, while he was employed by the city. He claimed that his procedural due process rights were violated when the defendant released information to DirecTV in violation of city policies. The court held that the fact "[t]hat the City does not allow coworkers to give work references or other personal information does not create a property interest in that information for the employees." *Id*. at *5.

In responding to the defendant's assertion that she lacked a constitutionally protected property or liberty interest, the plaintiff cites only one case: Jones v. Hernandez, No. 07-

---

[5]*Policy 117 specifies investigative information "that may be released concerning an investigation of an event or crime" by the Chief of Police or his or her designee" and "[i]nformation that may not be released ... unless authorized by the Chief of Police or his or her designee." Defendant's Exhibit 1, p. 5. The policy, like the statutes in Ledford, grants the police chief discretion to release or withhold information.*

2042, 2007 WL 4269052 (10th Cir. Dec. 6, 2007) (unpublished).[6]  However Hernandez is factually inapposite, as are most of the cases in which courts have considered whether a person had a constitutionally protected property interest.[7]  The facts alleged here are more akin to those in Ledford and Wimberly than the many cases in which property interests have been found to exist.  *See* Teigen v. Renfrow, 511 F.3d 1072, 1082 (10th Cir. 2007) ("A right under state law may establish a property interest only if it is specific and presently enforceable.").

The court concludes the plaintiff has not alleged facts demonstrating she had "'entitlement to a substantive right or benefit' supported by 'rules or mutually explicit understandings ...." *Id.* at 1079 (quoting Robbins v. U.S. Bureau of Land Mgmt., 438 F.3d 1074, 1085 (10th Cir. 2006).  Neither Policy 117 nor the Oklahoma Open Records Act created a cognizable property interest for purposes of constitutional due process in information acquired by police officials during a criminal investigation.  *See generally id.* at 1081 ("[I]t is well established that an entitlement to nothing but procedure cannot be the basis for a property interest.") (internal quotation omitted); Ledford, 105 F.3d 358 ("[C]onstitutionalizing every state procedural right would stand any due process analysis on

---

[6]*Town of Castle Rock v. Gonzales, 545 U.S. 748 (2005) also is cited by the plaintiff, but only for the proposition that the determination of whether an individual has a liberty or property interest protected by due process is a matter of federal law.*

[7]*The Tenth Circuit concluded in Hernandez that a county employee might have a protected property interest in a promotion depending on whether the selection process was nondiscretionary. Most of the cases in which courts have addressed the existence of a protected property interest arise in the employment context.  E.g., Teigen v. Renfrow, 511 F.3d 1072 (10th Cir. 2007).*

its head. Instead of identifying the substantive interest at stake and then ascertaining what process is due, ... the process is viewed as a substantive end in itself.") (internal quotation omitted).

However, even if the plaintiff had alleged a property interest protected by the Fourteenth Amendment, she failed to meet the other requirement necessary to defeat qualified immunity – that the constitutional right was clearly established as the time of the asserted violation. Neither party cited, nor was the court able to find, "a Supreme Court or Tenth Circuit decision on point" or that "the clearly established weight of authority from other courts ... have found the law to be as the plaintiff maintains." York v. City of Las Cruces, 523 F.3d 1205, 1211-12 (10th Cir. 2008) (quoting Casey v. City of Federal Heights, 509 F.3d 1278, 1284 (10th Cir. 2007).

The plaintiff also has failed to allege a "liberty" interest sufficient to support her procedural due process claim.  She cites no cases demonstrating the existence of such a right under the facts alleged in the amended complaint and the court has found none.  Assuming she alleged a liberty interest entitled to due process protections and, thus, satisfied the first prong of the qualified immunity analysis, she has not shown that such right was "clearly established" in 2003.

Having considered the allegations of the complaint under the deferential standard of rewiew applicable to Rule 12(b)(6) motions, the court finds the plaintiff has not alleged a constitutionally protected property or liberty interest based on either Norman Police Department Policy 117 or the Oklahoma Open Records Act.  Even if such a right existed, it

7

was not clearly established at the time of the alleged due process violation. Accordingly, the defendant is entitled to qualified immunity on the plaintiff's procedural due process claim based on a state created liberty or property interest and his motion to dismiss [Doc. #104] is **granted**.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE